Gerald Kenneth Roberts, Law Offices of Gerald K. Roberts, Pittsburg, CA, for Petitioner.

Oil, Andrew Jacob Oliveira, Trial, Jeffrey Bernstein, Senior Litigation Counsel, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: WALLACE, RAWLINSON, and IKUTA, Circuit Judges.

### MEMORANDUM **

Luis Alberto Espinoza-Gomez, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial

evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir.2008). We deny the petition for review.

Substantial evidence supports the agency's finding that Espinoza-Gomez failed to establish that he was or would be harmed by gang members on account of an imputed political opinion. *See Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir.2009) (the REAL ID Act "requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"). Thus, Espinoza-Gomez's asylum and withholding of removal claims fail. *See Dinu v. Ashcroft*, 372 F.3d 1041, 1045 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

## Luis Manuel AGUILAR, Petitioner,

v.

## Loretta E. LYNCH, Attorney General, Respondent.

### No. 13-73034.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 9, 2015.*

Filed Dec. 15, 2015.

Zulu Ali, Zulu Abdullah Ali, Riverside, CA, for Petitioner.

---

* The panel unanimously concludes this case is suitable for decision without oral argument.

508

Drew Brinkman, Oil, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: WALLACE, RAWLINSON, and IKUTA, Circuit Judges.

MEMORANDUM **

Luis Manuel Aguilar, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual finding, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir.2008), and we deny the petition for review.

The record does not compel the conclusion that Aguilar applied for asylum within a reasonable period of time after any changed or extraordinary circumstances as to excuse his untimely filing. *See* 8 C.F.R. § 1208.4(a)(4), (5); *Al Ramahi v. Holder*, 725 F.3d 1133, 1138–39 (9th Cir.2013) (delay in filing was not reasonable under all the circumstances). Thus, we deny the petition for review as to Aguilar's asylum claim.

Substantial evidence supports the agency's conclusion that Aguilar failed to establish past persecution or that it is more likely than not he would be persecuted on account of a protected ground. *See Parussimova v. Mukasey*, 555 F.3d 734, 740–

41 (9th Cir.2009) (applicant must prove a protected ground was or would be 'at least one central reason' for persecution); *Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir.2003) (record did not compel finding that petitioner who was "teased, bothered, discriminated against and harassed" experienced persecution). Thus, we deny the petition as to Aguilar's withholding of removal claim.

Finally, substantial evidence also supports the agency's denial of Aguilar's CAT claim because he failed to establish it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Silaya*, 524 F.3d at 1073.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

